UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COLLIN SIMPSON,

    Plaintiff,

v.                                                                Case No:  2:13-cv-528-FtM-DNF

CAROLYN W. COLVIN, Acting
Commissioner of Social Security[1],

    Defendant.

## OPINION AND ORDER

Plaintiff, Collin Simpson, seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claim for a period of disability, disability insurance benefits, and supplemental security income. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the Court finds that the decision of the Commissioner is due to be **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C § 405(g).

**I.     Social Security Act Eligibility, Procedural History, and Standard of Review**

The law defines disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted, therefore, for Commissioner Michael J. Astrue as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

be severe, making Plaintiff unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d) (2); 20 C.F.R. §§ 404.1505-404.1511.

### A.     Procedural History

On April 7, 2010, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, and a Title XVI application for supplemental security income, alleging a disability onset date of January 29, 2004.  Plaintiff's request for benefits was initially denied on May 4, 2010, and upon reconsideration on July 20, 2010.  An administrative video hearing was held before Administrative Law Judge ("ALJ") Frederick McGrath on August 23, 2011.  During the hearing, Plaintiff amended his application to a claim for a closed period of disability from January 29, 2004 through June 20, 2006.  Plaintiff attended the hearing in Fort Myers, Florida, and the ALJ presided over the hearing from Atlanta, Georgia.  On November 9, 2011, the ALJ rendered a "Partially Favorable Decision" in which he awarded Plaintiff a closed period of disability and the case was closed.  The case was reopened as it was determined that Plaintiff did not meet the eligibility requirements for entitlement to a period of disability or disability insurance benefits.  On January 5, 2012, the ALJ issued an amended "Unfavorable Decision," finding that Plaintiff is not entitled to a period of disability and disability insurance benefits under the Social Security Act because he did not file his application while disabled or within twelve months after the month in which his disability or period of disability ended as required by 20 C.F.R. § 404.315 and 20 C.F.R. § 404.320.

### B.     Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence

as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).  The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920.  At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i).  If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(I).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and

the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Sbpt. P. App. 1. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f) . If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).  Only after the Commissioner meets this burden does the burden shift back to Claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**II.     Summary of ALJ's Findings**

At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2006, and had not engaged in substantial gainful activity since January 29, 2004, the date he became disabled. (Tr. 16).

At step two, the ALJ determined that Plaintiff suffered from the severe impairments of chronic obstructive pulmonary disease ("COPD") and lung malignancy. (Tr. 16). The ALJ addressed Plaintiff's alleged learning disorder, but found that Plaintiff's medically determinable mental impairments failed to cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities and were therefore non-severe. (Tr. 16).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 from January 29, 2004 through June 30, 2006. (Tr. 16).

Before proceeding to the fourth step, the ALJ made the following residual functional capacity ("RFC") determination:

> from January 29, 2004 through June 30, 2006, the claimant had the residual functional capacity to perform less than the full range of unskilled sedentary work in a clean air work environment as defined in 20 CFR 404.1567(a).

(Tr. 16). Given this RFC, at step four, the ALJ found that Plaintiff was unable to perform his past relevant work as an overnight stocker and property maintenance manager from January 29, 2004 through June 30, 2006. (Tr. 18-19).

At step five, the ALJ considered Plaintiff's age, education, work experience, and RFC and determined that there were no jobs that existed in significant numbers in the national economy that the Plaintiff could have performed from January 29, 2004 through June 30, 2006.

(Tr. 19). The ALJ concluded that Plaintiff was under a disability from January 29, 2004 through June 30, 2006. (Tr. 19).

The ALJ found that Plaintiff's disability ended on July 1, 2006 due to a medical improvement that is related to his ability to work. (Tr. 20) The ALJ found that beginning July 1, 2006, Plaintiff has not had an impairment or combination of impairments that has significantly limited (or expected to significantly limit) his ability to perform basic work-related activities for 12 consecutive months, and thus, the ALJ concluded that Plaintiff no longer has a severe impairment or combination of impairments. (Tr. 20). Finally, the ALJ found that Plaintiff is not entitled to a period of disability or disability insurance benefits as Plaintiff failed to file his application while disabled or within twelve months after the month in which his disability or period of disability ended as is required by 20 C.F.R. § 404.315 and 20 C.F.R. § 404.320. (Tr. 21).

### III. Analysis

Pursuant to 20 C.F.R. §§ 404.315 and 404.320, to be entitled to disability benefits a claimant must be either disabled or must apply for disability benefits within the twelve month period after a period of disability ends. In this case, the ALJ found that Plaintiff failed to apply for benefits within the 12 months period after his claimed closed period of disability ended on June 30, 2006. The ALJ concluded that Plaintiff was not entitled to benefits because he did not file his initial application until April 2010, many months after his disability and period of disability had ended, and not within the required period.

On appeal, Plaintiff does not challenge the ALJ's denial of benefits for his claimed closed period of disability, but instead argues that the ALJ committed reversible error in his treatment of Plaintiff's alleged disability after the claimed January 29, 2004 through June 30, 2006 closed

period of disability. Plaintiff argues that the ALJ erred on three grounds: (1) by failing to find that Plaintif's COPD, lung malignancy, and lumbar degenerative disc and joint disease continued to be severe impairments after June 30, 2006; (2) by failing to analyze whether Plaintiff's condition met or medically equaled the severity of Listings 3.02A and B; and (3) by failing to consider the Medical-Vocational Guidelines as of the date Plaintiff reached age 55.

In this case, the Court finds that the ALJ's opinion is due to be reversed and remanded, but not on the grounds argued by Plaintiff. This is not a case in which the claimant applied for and was awarded continuing disability benefits, and the Commissioner later determined that the claimant's disability ceased due to a medical improvement. In such a case, an ALJ would be required to perform the eight-step evaluation process described in 20 C.F.R. § 404.1594(f) to explain the ALJ's decision to cease the claimant's disability benefits. In such cases the burden is on the Commissioner to prove that the claimant was no longer disabled as of the cessation date because the plaintiff experienced 'medical improvement'. *Cronin v. Comm'r Soc. Sec.*, 2012 WL 3984703, at *3 (M.D. Fla. Sept. 11, 2012) (citing *Pickett v. Bowen*, 833 F.2d 288, 292 (11th Cir. 1987)). Here, Plaintiff applied for a closed period of disability beginning July 29, 2004, through June 30, 2006. (Tr. 45). The ALJ found that Plaintiff was under a disability to the full extent of time for which Plaintiff applied. Only due to the technicality of Plaintiff's untimely application did the ALJ ultimately determine that Plaintiff was not entitled to benefits.

If the ALJ had stopped his analysis after this finding, the Court would affirm his decision. The period for which Plaintiff applied for benefits would have been completely adjudicated and, because disability benefits were not awarded, the ALJ would be under no duty to consider whether Plaintiff's disability continued after the closed period. Instead, however, the ALJ proceeded to conduct a 20 C.F.R. 404.1594(f) analysis to determine if Plaintiff's disability

continued through the date of the decision. (Tr. 14-15). The ALJ ultimately found that Plaintiff was not entitled to a period of disability or disability insurance benefits through December 31, 2006, his date last insured. (Tr. 21). This finding, although superfluous, is not harmless. If the ALJ's decision stands, Plaintiff is foreclosed from establishing his disability prior to his date last insured. *See* 20 C.F.R. § 404.957(c) (providing that "[t]he doctrine of *res judicata* applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action."). In his opinion, the ALJ described that

> [a]t the hearing the claimant amended his disability application to reflect a closed period due to medical improvement. His amended period of disability is now January 29, 2004 through June 30, 2006. He expressed that his attorney had explained to him and he fully understood the consequences of changing the alleged onset date with a closed period of disability, including that he knew he was foregoing and waiving any benefits and claims of disability prior to that date and thereafter.

(Tr. 17). As Plaintiff correctly notes, a review of the transcript confirms that there is no evidence that Plaintiff expressed he was "foregoing and waiving any benefits and claims of disability after June 30, 2006." (Doc. 16 p. 27). According to Plaintiff, the amendment to a closed period of disability was made only after the ALJ specifically indicated that he intended on approving the amendment so that it would extend the Plaintiff's date last insured through 2008 pursuant to 20 C.F.R. § 404.130(f), and enable him to have a second adjudicated period beginning at age 55. (Doc. 16 p. 27).[2] Thus, contrary to the claim of the ALJ in his opinion, Plaintiff did not waive a future claim of disability by amending to a closed period.

---

[2] The Court is concerned by the facts of this case. The ALJ's account of the hearing does not accurately reflect what actually occurred. Not only is there no evidence that Plaintiff "fully understood the consequences of changing the alleged onset date," but the ALJ specifically stated he was not a party to the discussion Plaintiff's counsel had with officials regarding the impact of a closed period on Plaintiff's case. (Tr. 45). Further, although there is no evidence in the record to support Plaintiff's claim that the decision to amend was based on the ALJ's indication that he intended to award benefits for a closed period, the ALJ's subsequent award of benefits followed by the denial of

Upon review, the Court finds that the ALJ's decision as it applies to the closed period of disability is supported by substantial evidence and will not be disturbed on appeal. The Court further finds that the ALJ's findings made pursuant to 20 C.F.R. § 404.1594(f) are not supported by substantial evidence. The ALJ failed to cite or provide sufficient discussion explaining his findings that Plaintiff was not under a disability from the end of his claimed closed period to his date last insured. The ALJ's analysis is cursory and conclusory and fails to provide such relevant evidence as a reasonable person would accept as adequate support for his conclusions. Although the ALJ was not required to conduct this analysis, he nevertheless chose to do so. The ALJ's analysis scarcely cites to the record and seemingly relies on the ALJ's misunderstanding that Plaintiff was conceding any claim of disability after June 30, 2006, when he amended his application. If the ALJ's decision is allowed to stand, *res judicata* attaches and Plaintiff would effectively been denied the opportunity to claim a period of disability during this period. Remand is appropriate for the limited purpose of determining whether Plaintiff is entitled to a period of disability between July 1, 2006 and his date last insured.

## IV. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the decision of the Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Opinion and Order. The Clerk of Court is directed to enter Judgment accordingly, terminate any pending motions and deadlines, and close the file.

---

benefits supports Plaintiff's representations.

**DONE** and **ORDERED** in Fort Myers, Florida on September 29, 2014.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties